LETTS, Judge.
Upon application for an accounting, the trial court granted it, but later refused to award an accountant’s fee as costs to the prevailing defendant. We reverse.
In its order requiring the accounting, the trial court used such sentences as:
*72 This case is very difficult conceptually. * * * * * *
The plaintiff seeks ... an accounting that goes to the details of defendant’s business.
* * * * * *
The court determines that the account matters between the parties are complicated and involved and, on that basis, determines that a detailed accounting is appropriate.
To help produce the accounting required by the order, the defendant hired an accountant who came up with four volumes of invoices, receipts, disbursements, etc. Thereafter, mediation failed and a special master was employed to report on the dispute. His report, in fact, supported and approved, in toto, the defendant’s version of the balance due on the $160,000 contract. However, the report specifically disallowed the accountant’s fee because, in the master’s opinion, “the order of the court did not contemplate the employment of accountants.”
We need not determine what it was that the order of the court did contemplate because as events transpired, the accountant’s report was admitted into evidence and the special master used it to reach his conclusion which he “based on the accounting.” Moreover, shortly before the lawsuit was filed, the plaintiff wrote a letter to the defendant applauding the use of an accountant to settle their differences. All this being so, it was error to refuse to consider the accountant’s fee as part of the costs otherwise agreed to by the parties.
In so deciding, we do not rule on the reasonableness of the accountant’s fee. The trial court adopted the special master’s report and rejected the concept of the fee outright. The question of reasonableness was never explored.
Accordingly, we reverse and remand for a hearing on the question of the reasonableness of the fee. The fee amounted to $6,750, and it is unfortunate that we cannot approve it at the appellate level and end this controversy. Inevitably, upon remand, further attorney’s fees will swallow-up the $6,750 over which the litigants continue to quarrel, or what is left of it after attorney’s fees on appeal. Hopefully, some sensible compromise can be arrived at upon receipt of this opinion.
REVERSED AND REMANDED.
HERSEY, C.J., and WARNER, J., concur.